# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: November 23, 2016)
No. 15-471V

| | |
|---|---|
| * * * * * * * * * * * * <br> RONALD COOPER, as parent and <br> next friend of J.C., a minor <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * | UNPUBLISHED <br><br> Decision on Joint Stipulation; <br> Sixth Cranial Nerve Palsy; <br> Influenza ("Flu") Vaccine. |

*Howard Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
*Michael P. Milmoe*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

      On May 8, 2015, Ronald Cooper ["Mr. Cooper" or "petitioner"] filed a petition for compensation on behalf of his minor child, J.C., under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that J.C. developed Sixth Cranial Nerve Palsy as a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

result of receiving an influenza vaccination on November 24, 2012. *See* Stipulation, filed November 23, 2016, at ¶¶ 1-4. Respondent denies that the influenza immunization caused J.C.'s injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On November 23, 2016, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Pursuant to the terms stated in the attached Stipulation, the undersigned awards **a lump sum of $85,000.00 in the form of a check payable to Ronald Cooper as legal representative of J.C.**[3] This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                               **s/ Mindy Michaels Roth**
                                  Mindy Michaels Roth
                                  Special Master

---

[3] "Petitioner represents that he presently is, or within 90 days of the date of the judgment will become, duly authorized to serve as guardian/conservator of J.C.'s estate under the laws of the Commonwealth of Massachusetts." Stipulation at ¶ 13. "No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of J.C.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.C. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.C. upon submission of written documentation of such appointment to the Secretary." *Id*.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RONALD COOPER, as parent and next Friend of J.C., a minor, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 15-471V (ECF) <br> Special Master Roth |

### STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his daughter, J.C., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.C.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. J.C. received a flu vaccination on November 24, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that J.C. suffered Sixth Cranial Nerve Palsy which was caused-in-fact by the flu vaccine. Petitioner further alleges that J.C. suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on J.C.'s behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused J.C.'s alleged Sixth Cranial Nerve Palsy, or any other injury, and further denies that her current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $85,000.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of J.C. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of J.C.'s estate under the laws of the Commonwealth of Massachusetts. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of J.C.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.C. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.C. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as legal representative of J.C., on behalf of himself, J.C., her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal

Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.C. resulting from, or alleged to have resulted from, the flu vaccination administered on November 24, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about May 8, 2015, in the United States Court of Federal Claims as petition No. 15-471V.

15. If J.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused J.C.'s alleged Sixth Cranial Nerve Palsy, or any other injury or any of her current disabilities.

Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.C. resulting from, or alleged to have resulted from, the flu vaccination administered on November 24, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about May 8, 2015, in the United States Court of Federal Claims as petition No. 15-471V.

15. If J.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused J.C.'s alleged Sixth Cranial Nerve Palsy, or any other injury or any of her current disabilities.

Page 5 of 6

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of J.C.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Ronald Cooper*
RONALD COOPER

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

HOWARD S. GOLD, ESQ.
Gold Law Firm, LLC
83 Walnut Street
Suite 150
Wellesley, MA 02481
(718) 239-1000

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*

NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125

DATE: Nov. 23, 2016